IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRITTANY LEIGH WILLIAMS,  )
    Petitioner,  )
    )
    v.  )  2:16-cv-0002
    )
COM. OF PENNSYLVANIA, et al.,  )
    Respondents.  )

MEMORANDUM and ORDER

Brittany Leigh Williams, by her counsel has presented a petition for a writ of habeas corpus. Williams is presently serving a life sentence plus two consecutive 20 to 40 month sentences imposed following her conviction by a jury of first degree murder, simple assault, terroristic threats, kidnapping, false imprisonment and criminal conspiracy at No. CC 200305219 and CC 200306034 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed October 14, 2004.[1] A timely counseled appeal to the Superior Court was filed in which the questions presented were:

1. Whether the Commonwealth withheld evidence of an exculpatory nature concerning deals with respect to key Commonwealth witness?

2. Whether the trial court erred in refusing to strike Juror Robert Shearer for cause when it was revealed that he significantly worked with a key Commonwealth witness and aunt of the victim?

3. Whether the trial court erred in refusing to write about the ineffective assistance of counsel claims in the written opinion when the claims were fully presented at the post-sentencing hearing stage and denied by the court?

4. Whether the trial counsel gave ineffective assistance for failing to request a jury instruction concerning corrupt and polluted sources?

---

[1] See: Petition at ¶¶ 1-6 and the answer of the Commonwealth.

5. Whether trial counsel gave ineffective assistance for failing to properly cross-examine and/or impeach Commonwealth witnesses?[2]

At the request of counsel for the petitioner, the appeal was discontinued on February 28, 2007.[3]

On April 18, 2007, petitioner filed a motion for post-conviction relief which was treated as a motion to reinstate her appellate rights and it was granted on May 29, 2007.[4] On June 25, 2007 a notice of appeal was filed.[5] In her brief to the Superior Court, the petitioner raised the following issues:

   1. Did the trial court (Judge Colville) err in denying appellant's post sentencing motions since the Commonwealth withheld exculpatory evidence?

   2. Did the trial court err in denying appellant's post sentencing motions since the trial court erred in refusing to strike juror Robert Shearer for cause?

   3. Did the trial court err in denying appellant's post sentencing motions since trial counsel Defazio was ineffective for failing to request a corrupt and polluted source jury charges regarding Commonwealth witnesses Leonard Penn and Eileen Catania?

   4. Did the trial court err in denying appellant's post sentencing motions since trial counsel was ineffective for failing to properly cross-examine Commonwealth witnesses Penn, Catania and McMillan?

   5. Did the trial court err in permitting the jury to hear prior bad acts evidence indicating that appellant had a confrontation with Jennifer Cline days before the instant homicide?[6]

On April 22, 2009, the judgment of sentence was affirmed.[7] Rehearing en banc was denied on June 25, 2009.[8] Allowance of appeal was denied by the Pennsylvania Supreme Court on December 30, 2009.[9]

---

[2] See: App. at p. 122.
[3] Id. at pp. 284-285.
[4] Id. at pp. 286-296, 312.
[5] Id. at p. 314.
[6] Id. at pp. 451-452.
[7] Id. at pp. 623-647.
[8] Id. at p. 771.
[9] Id. at p. 913

A counseled post-conviction was filed on August 6, 2010.[10] On November 16, 2011, relief was denied.[11] A notice of appeal was filed on December 13, 2011.[12] In his brief counsel raised the following issues:

> I. Trial counsel gave ineffective assistance for failing to properly prepare appellant for her testimony on direct examination in a first degree murder case.
>
> II. Trial counsel gave ineffective assistance for failing to develop a record of voluntary intoxication and drug use and by failing to object to the incorrect, confusing and misleading jury instructions on the issue of voluntary intoxication and drug use.
>
> III. Trial counsel gave ineffective assistance for failing to fully develop testimony on the issue of "heat of passion" and voluntary manslaughter and by failing to prepare and request a charge to the jury on voluntary manslaughter.
>
> IV. Trial counsel gave ineffective assistance of counsel for failing to properly communicate to appellant and her parents the plea bargain negotiations which then exposed appellant to a verdict of first degree murder and a life sentence without parole in violation of the holdings of the United States Supreme Court cases Missouri v. Frye, 132 S.Ct. 1399 (2012) and Lafler v. Cooper, 132 S.Ct. 136 (2012).
>
> V. The trial court erred in refusing to extend the holdings of the United States Supreme Court in Graham v. Florida, 130 S.Ct. 2011 (2010) as the United States Supreme Court has done in Miller v. Alabama, 567 U.S. ____(2012) and finding that appellant's sentence of life without parole represents cruel and unusual punishment.[13]

On March 4, 2014, the denial of post-conviction relief was affirmed.[14] Leave to file an application for leave to appeal to the Pennsylvania Supreme Court was granted on August 8, 2014.[15] In his petition, counsel raised the same issues as were raised in the Superior Court.[16] Leave to appeal was denied by the Pennsylvania Supreme Court on December 11, 2014.[17]

On January 4, 2016, the instant counseled habeas corpus petition was filed. In the petition counsel raises the following issues:

---

[10] Id. at pp. 14, 914-918.
[11] Id. at pp. 1178-1179.
[12] Id. at pp. 16, 1181.
[13] Id. at pp. 1214-1215. It should be noted that Miller is not applicable to the petitioner in that she was 19 years old at the time the crime was committed (TT. 378).
[14] Id. at pp. 1361-1384.
[15] Id. at p. 1398.
[16] Id. at 1403-1404.
[17] Id. at p.17.

1. Whether trial counsel gave ineffective assistance for failing to properly prepare petitioner for her testimony on direct examination in a first degree murder case?

2. Whether trial counsel gave ineffective assistance for failing to develop a record of voluntary intoxication and drug use and by failing to object to the incorrect, confusing, and misleading jury instructions on the issue of voluntary intoxication and drug use?

3. Whether trial counsel gave ineffective assistance for failing to fully develop testimony on the issue of "heat of passion" and voluntary manslaughter; and by failing to prepare and request a charge to the jury on voluntary manslaughter?

4. Whether trial counsel gave ineffective assistance of counsel for failing to properly communicate to petitioner and her parents the plea bargain negotiations which then exposed petitioner to a verdict of first degree murder and a life sentence without parole in violation of the holdings of the United States Supreme Court cases of Missouri v. Frye, 132 S.Ct. 1399 (2012) and Lafler v. Cooper, 132 S.Ct. 136 (2012)?

5. Whether the trial court and the Superior Court erred in refusing to extend the holding of the United States Supreme Court in Graham v. Florida, 130 S.Ct. 2011 (2010) as the United States Supreme Court has done in Miller v. Alabama, 567 U.S. _____ (2012) and finding that petitioner's sentence of life without parole represents cruel and unusual punishment?[18]

The background to this prosecution is set forth in in the April 22, 2009 Memorandum of the Superior Court:

> On the evening of March 22, 2003, victim Pliakas, Leonard Penn and Eileen Catania were visiting at the apartment shared by Appellant and Burton. At one point during the evening, Burton, Penn, and Pliakas left the home and went to a convenience store. While en route, Burton allegedly telephoned ex-girlfriend Cline, and when the trio arrived back at Burton's apartment, Pliakas told Appellant about Burton's indiscretion.
>
> Appellant became enraged and began beating Pliakas. At one point, Appellant forced Pliakas to disrobe and threatened her with a gun. Appellant told Pliakas repeatedly that she was going to die. Pliakas's attempt to escape from the apartment was prevented. Once the initial assault subsided, Appellant, Burton, and Penn began to worry about the charges they would face should word of the assault become known to police.

---

[18] See: Exhibit A to the petition.

Burton and Appellant told Pliakas to get dressed, and that they were taking her to get a jitney. The three left the apartment together, but one hour later, only Burton and Appellant returned. Within 48 hours, Appellant was arrested and charged with murder.

At trial, Penn testified that when Burton returned, he told Penn that he and Appellant had stripped Pliakas, and that he had shot her in the back of her head. Penn also testified that Burton asked him to dispose of a black trash bag which he and Appellant had carried into the apartment. Penn complied, dumping the bag in a dumpster in the Hill District of Pittsburgh. A bus rider discovered Pliakas's body the following morning, lying dead on the side of a road, dressed only in socks.

Eileen Catania testified that when Burton and Appellant returned to the apartment, Burton was cleaning his gun with his shirt, and Appellant was carrying a black trash bag. Catania testified that Appellant told her that "I just got this nigger to kill [the victim], now I can get him to do anything." Catania also testified that when she later left the apartment with Penn and Penn's cousin, they stopped in the Hill District and Penn disposed of the black trash bag that Catania averred contained Pliakas's belongings. (transcript page reference omitted).[19]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[19] See; App. pp. 624-625.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, leave to appeal to the Pennsylvania Supreme Court was denied on December 30, 2009 and certiorari was not sought. Thus, her conviction became final on March 30, 2010 when the time in which to seek such review expired. Gonzalez v. Thaler, 132 S.Ct. 641 (2012). The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until August 6, 2010 or 129 days after her conviction became final. That petition was denied; the denial of post-conviction relief was affirmed by the Superior Court on March 4, 2014 and leave to appeal to the Pennsylvania Supreme Court was denied on December 11, 2014. The instant counseled petition was filed on January 4, 2016 or over a year after the denial of post-conviction relief. Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking relief here, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred unless a basis for equitable tolling can be demonstrated.

The answer raising the defense of the statute of limitation and setting forth that no basis for equitable tolling exists was filed on February 13, 2016. Equitable tolling is appropriate when it would be inequitable to apply a formulaic application of the statute. Holland v. Florida, 560 U.S. 631, 645 (2010); Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012). Despite the lapse of over two months since the statute of limitations defense was raised, the petitioner has not only failed to set forth a basis for equitable tolling, she has failed to set forth any argument opposing the imposition of the one year limitation period. Thus, it would appear that she concedes this point.

Accordingly, because the instant petition is time barred and not contrary to any determination of the United States Supreme Court nor involves any unreasonable application of

the Court's determinations, Williams is not entitled to relief here. For this reason her petition will be dismissed and because reasonable jurists could not conclude that a basis for relief exists, a certificate of appealability will be denied.

      An appropriate Order will be entered.

Filed: April 19, 2016

s/ Robert C. Mitchell
United States Magistrate Judge